1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

KRISTI WILLIAMS DUMAS,          )   1:12-cv-00382-AWI-SKO
                                )
              Plaintiff,        )   ORDER RE: MOTION TO
                                )   DISMISS COMPLAINT
        v.                      )
                                )   (Doc. 4)
SAXON MORTGAGE SERVICES, INC.;  )
OLD REPUBLIC TITLE CO.;         )
and DOES 1-50,                  )
                                )
              Defendants.       )
_____)

## I. INTRODUCTION

Defendant Saxon Mortgage Services, Inc., has filed a motion to dismiss the complaint of plaintiff Kristi Williams Dumas pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons discussed below, the motion shall be granted with leave to amend.

## II. FACTS AND PROCEDURAL BACKGROUND

On October 27, 2011, plaintiff Kristi Williams Dumas (hereinafter referred to as "Plaintiff") filed her complaint in Kern County Superior Court against defendants Saxon Mortgage Services, Inc., Old

1  Republic Title Co. and Does 1 to 50, asserting causes of action for (1) violation of the California
2  Civil Code, (2) violation of the Truth in Lending Act, (3) fraud, (4) breach of fiduciary duty, (5)
3  nuisance, (6) negligence and (7) preliminary and permanent injunction of foreclosure proceedings.
4  On March 12, 2012, defendant Saxon Mortgage Services, Inc. (hereinafter referred to as
5  "Defendant") removed the action to this Court pursuant to 28 U.S.C. § 1441(b).  On March 19, 2012,
6  Defendant filed a motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil
7  Procedure 12(b)(6).  Plaintiff did not file a written opposition to Defendant's motion to dismiss.

8

9                                    **III. LEGAL STANDARD**

10

11  A complaint must contain "a short and plain statement of the claim showing that the pleader is
12  entitled to relief." Fed. R. Civ. P. 8(a)(2).  Where the plaintiff fails to allege "enough facts to state
13  a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege
14  facts sufficient to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,*
15  550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *see* Fed. R. Civ. P. 12(b)(6).  "A
16  claim has facial plausibility," and thus survives a motion to dismiss, "when the pleaded factual
17  content allows the court to draw the reasonable inference that the defendant is liable for the
18  misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1940, 173 L.Ed.2d 868
19  (2009).  On a Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the
20  complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN,*
21  393 F.3d 1068, 1072 (9th Cir. 2005).  However, the court need not accept conclusory allegations,
22  allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial
23  notice, unwarranted deductions of fact or unreasonable inferences. *Daniels-Hall v. National Educ.*
24  *Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).  "Dismissal with prejudice and without leave to amend is
25  not appropriate unless it is clear . . . the complaint could not be saved by amendment." *Eminence*
26  *Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

27

28                                          2

1

2                                        **IV. DISCUSSION**

3

4      ***A. First cause of action (violation of California Civil Code)*** – Plaintiff's first cause of action is for

5      violation of the California Civil Code.  Plaintiff first alleges Defendant failed to contact her in good

6      faith to assess her financial situation and explore alternative options of addressing her default so as

7      to avoid foreclosure of her home, presumably in violation of California Civil Code § 2923.5.  These

8      allegations are insufficient to state a claim.  Section 2923.5 provides, "A mortgagee, trustee,

9      beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30

10     days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due

11     diligence requirements as described in subdivision (g)."  Cal. Civ. Code, § 2923.5, subd. (a)(1).

12     Paragraph (2) provides, "A mortgagee, beneficiary, or authorized agent shall contact the borrower

13     in person or by telephone in order to assess the borrower's financial situation and explore options

14     for the borrower to avoid foreclosure."  *Id.,* § 2923.5, subd. (a)(2).  Subdivision (g) provides, "A

15     notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized

16     agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the

17     failure to contact a borrower occurred despite the due diligence of the mortgagee, beneficiary, or

18     authorized agent."  *Id*., § 2923.5 subd. (g).  In other words, actual contact is not required.  Thus, the

19     mere allegation Defendant failed to contact Plaintiff does not establish a violation of the statute.

20              Furthermore, the copy of the notice of default submitted in support of Defendant's request

21     for judicial notice contains a declaration from Amber Trejo, Defendant's default coordinator, stating

22     she had tried with due diligence to contact Plaintiff in accordance with section 2923.5, subdivision

23     (g).  Plaintiff has not contested the veracity of the copy of the notice of default provided by

24     Defendant.  The complaint also shows Plaintiff and Defendant discussed the possibility of a short

25     sale.  This "negate[s] a claim that section 2923.5 was violated." *Davenport v. Litton Loan Servicing,*

26     *LP,* 725 F.Supp.2d 862, 877 (N.D.Cal. 2010).  Plaintiff further alleges Defendant failed to properly

27

28                                            3

1  record the notices of default and sale in Kern County recorder's office.  But these allegations, too,

2  are controverted by the copies of the notices of default and sale provided with Defendant's request

3  for judicial notice.  Plaintiff, again, has not contested the veracity of either document.

4       Plaintiff further alleges that even if Defendants did record the notices of default and sale,

5  copies of the notices were not timely mailed, delivered and/or properly served to Plaintiff, in

6  violation of section 2924.  A recorded notice of default and notice of sale must be mailed to the

7  mortgagee, beneficiary or owner.  Cal. Civ. Code §§ 2924.3; *see id.*, § 2924b, subd. (e).  Plaintiff,

8  however, offers no facts surrounding Defendant's failure to mail/serve, and chooses instead to rely

9  solely on conclusory allegations.  Plaintiff further alleges she never received copies of either notice.

10  Problematically for Plaintiff, "California courts do not require actual receipt of default and sale

11  notices[.]" *Rodela v. Guild Mortg. Co.,* slip copy, 2012 WL 169772 (E.D.Cal. 2012), at *5 (citing

12  *Lupertino v. Carbahal,* 35 Cal.App.3d 742, 746-47, 111 Cal.Rptr. 112 (1973) and *Knapp v. Doherty,*

13  123 Cal.App.4th 76, 88-89, 20 Cal.Rptr.3d 1 (2004)).  Lastly, Plaintiff alleges Defendant violated

14  section 2924 by failing to mail "warning statements" to Plaintiff after recording the notices of default

15  and sale.  Plaintiff has provided no authority – and the Court's research reveals no authority – to

16  suggest the mailing of a warning statement is a prerequisite to nonjudicial foreclosure under section

17  2924.  Accordingly, Defendant's motion to dismiss this cause of action shall be granted.

18

19  **B. Second cause of action (violation of Truth in Lending Act)** – Plaintiff's second cause of action

20  is for violation of the Truth in Lending Act (TILA, 15 U.S.C. §§ 1601 et seq.).  TILA "is designed

21  'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more

22  readily the various credit terms available to him and avoid the uninformed use of credit.'  15 U.S.C.

23  § 1601(a)." *Barrer v. Chase Bank USA, N.A.,* 566 F.3d 883, 887 (9th Cir. 2009).  Regulation Z, 12

24  C.F.R. § 226, which implements TILA, "establish[es] two conditions a creditor must meet.  'First,

25  it must have disclosed all of the information required by the statute.' [Citation.] That is, disclosures

26  must be complete.  'And second, [they] must have been true – i.e., . . . accurate representation[s] of

27

28                                                    4

1  the legal obligations of the parties at [the] time [the agreement was made].' [Citation.]" *Barrer,*

2  *supra,* at p. 887.  Under this cause of action, Plaintiff, incorporating previous allegations by

3  reference, first alleges: "SAXON misrepresented to KRISTI that her premium and/or mortgage

4  payments would be properly credited toward her mortgage principal loan debt; that her short-sale

5  application would be properly and promptly processed; that she was not at risk of losing her home

6  to foreclosure without proper notice."  Plaintiff, however, has provided no authority – and the

7  Court's research reveals no authority - to suggest the information allegedly misrepresented by

8  Defendant was governed by TILA (i.e., required to be accurately disclosed at the time Plaintiff's loan

9  agreement was entered into).  Furthermore, "TILA governs disclosures and notices provided at the

10  time of loan origination." *Choudhuri v. Wells Fargo Bank, N.A.,* 2011 WL 2415755 (N.D.Cal. 2011)

11  at *3 (citing 15 U.S.C. § 1638(b) and 12 C.F.R. § 226.17(b)).  The misrepresentations appear to

12  concern misconduct occurring well after the formative stage of Plaintiff's loan agreement.

13      Plaintiff further alleges Defendant violated TILA in that "[a]ny and all disclosures sent to

14  KRISTI by SAXON did not meet the 'clear and conspicuous' standard set forth under TILA[.]"

15  TILA provides that certain material information must be "clearly and conspicuously disclosed."  15

16  U.S.C. § 1632(a); 12 C.F.R. § 226.17(a)(1) ("The creditor shall make the disclosures required . . .

17  clearly and conspicuously in writing, in a form that the consumer may keep").  This information

18  includes "the annual percentage rate, the method of determining the finance charge and the balance

19  upon which a finance charge will be imposed, the amount of the finance charge, the amount to be

20  financed, the total of payments, the number and amount of payments, the due dates or periods of

21  payments scheduled to repay the indebtedness," as well as other disclosures required by 15 U.S.C.

22  § 1639(a).  15 U.S.C. § 1602(v).  Plaintiff, however, has not identified what disclosures were

23  allegedly sent to her, nor has she alleged facts to show how they were unclear or inconspicuous.

24      In addition, the cause of action is likely barred by the applicable statutes of limitations.

25  Plaintiff requests damages for Defendant's alleged violations, and further appears to request

26  rescission of her loan agreement in alleging that "by reason of the aforesaid violations, any security

27

28                                          5

interest in KRISTI's house in Bakersfield, CA is automatically void."  A claim for damages under TILA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e); a TILA rescission claim is subject to a three-year statute of limitations, *see* 15 U.S.C. § 1635(f).  In both cases, the limitations period begins to run from "the date of consummation of the transaction."  *King v. State of California,* 784 F.2d 910, 915 (9th Cir. 1986); 15 U.S.C. § 1635(f).  "Consummation means the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2.  In this case, Defendant's request for judicial notice establishes the loan agreement at issue was signed by Plaintiff and notarized on September 3, 2005.  Plaintiff has not alleged facts to support the application of equitable tolling or the delayed discovery rule, nor has she contested the veracity of the copy of the loan agreement provided by Defendant.  Thus, Plaintiff was required to file suit by September 2006 (for damages) or September 2008 (for rescission).  The complaint was not filed until October 2011.  Accordingly, Defendant's motion to dismiss this cause of action shall be granted.

***C. Third cause of action (fraud)*** – Plaintiff's third cause of action is for fraudulent concealment.  "The elements of an action for fraud based on concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed fact; and (5) as a result of the concealment of the fact, the plaintiff sustained damage."  *Knox v. Dean,* _Cal.Rptr.3d_, 2012 WL 1402350 (Cal.App. 4 Dist. 2012), at *10 (citing *Hahn v. Mirda,* 147 Cal.App.4th 740, 748, 54 Cal.Rptr.3d 527 (2007)).  Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so they can defend against the charge and not just deny that they have done anything wrong.'  [Citation.]" *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001).  Having reviewed the

complaint, the Court finds Plaintiff has failed to allege facts sufficient to establish one or more of the foregoing elements for fraudulent concealment. Plaintiff has also failed to comply with the requirement of specificity, as the allegations are simply too vague and generalized to state a claim. The Court further notes that "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.' In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.' " *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (internal citations omitted). Plaintiffs fail to distinguish the actions of Defendant from the actions of the other named defendants. Accordingly, Defendant's motion to dismiss the cause of action for fraud shall be granted.

***D. Fourth cause of action (breach of fiduciary duty)*** – Plaintiff's fourth cause of action is for breach of fiduciary duty. Having reviewed the complaint, the Court finds Plaintiff has failed to allege facts sufficient to state a plausible claim to relief. Plaintiff alleges she and Defendant "were fiduciaries to one another based upon their business, financial and contractual relationship with one another, and therefore . . . owed each other the high standard of care imposed upon fiduciaries of good faith, loyalty and integrity in all dealings." Problematically for Plaintiff, neither lenders nor loan servicers owe borrowers fiduciary duties under California law. *See Nymark v. Heart Fed. Savings & Loan Assn.,* 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr.53, (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money"). Courts have recognized a financial institution may owe fiduciary duties to a borrower where its financing activity extends beyond that of a conventional lender. *See Kim v. Sumitomo Bank,* 17 Cal.App.4th 974, 979-81, 21 Cal.Rptr.2d 834 (1993) (relationship between borrower and lender is typically not fiduciary in nature unless the borrower can demonstrate a special relationship or

circumstances giving the lender/borrower relation a fiduciary character).  Nothing in the complaint,
however, suggests this was the case here.  Defendant's motion to dismiss this claim shall be granted.

**E. Fifth cause of action (nuisance)** – Plaintiff's fifth cause of action is for nuisance.  "A nuisance
may be a public nuisance, a private nuisance, or both."  *Newhall Land & Farming Co. v. Superior
Court,* 19 Cal.App.4th 334, 341, 23 Cal.Rptr.2d 377 (1993) (citing *Venuto v. Owens-Corning
Fiberglas Corp.,* 22 Cal.App.3d 116, 124, 99 Cal.Rptr. 350 (1971)).  California Code of Civil
Procedure § 3480 provides, "A public nuisance is one which affects at the same time an entire
community or neighborhood, or any considerable number of persons, although the extent of the
annoyance or damage inflicted upon individuals may be unequal."  Cal. Civ. Code, § 3480.  "Every
other nuisance is private."  *Newhall Land & Farming Co., supra,* 19 Cal.App.4th at 341.

Under this cause of action, Plaintiff, incorporating previous allegations by reference, alleges:
"SAXON created a condition that was a nuisance by calling or providing that their representatives
call KRISTI multiple times during the middle of the night as late as midnight in her time zone
despite repeated requests to stop this conduct, including one written request."  Given the nature of
the alleged misconduct, the "condition" – if it even were a nuisance – could only be private.
Problematically for Plaintiff, a private nuisance is "a nontrespassory interference with the private use
and enjoyment of land."  *San Diego Gas & Electric Co. v. Superior Court,* 13 Cal.4th 893, 937, 55
Cal.Rptr.2d 724, 920 P.2d 669 (1996) (citing Cal. Civ. Code, §§ 3479-3481); cf. *Lussier v. San
Lorenzo Valley Water Dist.,* 206 Cal.App.3d 92, 100, 253 Cal.Rptr. 470 (1988) ("[A]n action for a
private nuisance is designed to redress a substantial and unreasonable invasion of one's interest in
the free use and enjoyment of one's property").  Plaintiff has provided no authority, and the Court's
research reveals no authority, to suggest telephone calls – even multiple calls in the middle of the
night – could conceivably constitute an interference with the use and enjoyment of land.  Defendant's
alleged misconduct, while perhaps a "nuisance" in the ordinary sense of the word, is hardly a legal
nuisance.  Accordingly, Defendant's motion to dismiss this cause of action shall be granted.

*F. Sixth cause of action (negligence)* – Plaintiff further asserts a cause of action for negligence against Defendant. "The elements of a cause of action for negligence are ' " '(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach [was] the proximate or legal cause of the resulting injury.' " [Citation.]' [Citation.]" *Walker v. Sonora Regional Medical Center,* 202 Cal.App.4th 948, 958, 135 Cal.Rptr.3d 876 (2012). Having reviewed the complaint, the Court finds Plaintiff has failed to allege facts sufficient to state a claim for negligence. Plaintiff merely alleges Defendant owed her a duty of care because her "loan[ ] and short-sale application was under [its] care and professional review." What this duty consisted of, however, has not been explained by Plaintiff. Accordingly, dismissal of this cause of action shall be granted in favor of Defendant.

*G. Seventh cause of action (injunctive relief)* – Plaintiff's seventh and final cause of action is for a preliminary and permanent injunction of foreclosure proceedings. "Injunctive relief is a remedy, not a cause of action." *City of South Pasadena v. Department of Transportation,* 29 Cal.App.4th 1280, 1293, 35 Cal.Rptr.2d 113 (1994). Plaintiff's request for injunctive relief is predicated on the viability of her substantive causes of action. Because the Court will dismiss the substantive causes of action, the cause of action for a preliminary and permanent injunction shall also be dismissed.

## V. DISPOSITION

Based on the foregoing, the motion of defendant Saxon Mortgage Services, Inc., to dismiss the complaint as against it is GRANTED with leave to amend. Plaintiff Kristi Williams Dumas shall have leave to amend within thirty days of entry of this order.

IT IS SO ORDERED.

Dated:   May 16, 2012

CHIEF UNITED STATES DISTRICT JUDGE