IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTI WILLIAMS DUMAS, ) | 1:12-cv-00382-AWI-SKO |
| ) | |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| ) | AND CLOSING CASE |
| v. ) | |
| ) | |
| SAXON MORTGAGE SERVICES, INC.; ) | |
| OLD REPUBLIC TITLE CO.; ) | |
| and DOES 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Court refers the parties to the orders issued May 16, 2012, June 18, 2012 and July 5, 2012 for a partial chronology of the proceedings. On October 27, 2011, plaintiff Kristi Williams Dumas (hereinafter referred to as "Plaintiff") filed her complaint in Kern County Superior Court against defendants Saxon Mortgage Services, Inc., Old Republic Title Co. and Does 1 to 50, asserting seven causes of action for violation of the California Civil Code, violation of the Truth in Lending Act, fraud, breach of fiduciary duty, nuisance, negligence and preliminary and permanent injunction of foreclosure proceedings. On March 12, 2012, defendant Saxon Mortgage Services, Inc. (hereinafter referred to as "Saxon") removed the action to this Court pursuant to 28 U.S.C. § 1441(b).

On March 19, 2012, Saxon filed a motion to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a written opposition to Saxon's motion to dismiss. On May 16, 2012, the Court granted the motion to dismiss and directed Plaintiff

to file an amended complaint within thirty days of entry of the order.  No amended complaint was filed within the time allotted.

On June 18, 2012, the Court ordered Plaintiff to show cause in writing by 4:00 p.m. on Thursday, June 28, 2012, why no amended complaint had been filed and why the action should not be dismissed for failure to comply with the Court's May 16, 2012 order.  The Court cautioned that failure to show cause or otherwise respond to the order would result in a dismissal of the action with prejudice as against Saxon.  Plaintiff did not show cause or even respond to the Court's order.

On July 5, 2012, the Court dismissed the action with prejudice as against Saxon for Plaintiff's failure to comply with the Court's June 18, 2012 order.  The Court further issued an order to Plaintiff to show cause in writing by 4:00 p.m. on Thursday, August 2, 2012, re: service of the complaint on defendant Old Republic Title Co.  The Court cautioned that failure to show cause would result in a dismissal of the action *without* prejudice as against Old Republic Title Co.  Plaintiff has not demonstrated service of the complaint or otherwise responded to the Court's order.

"If the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (listing factors for court to consider in determining whether to dismiss a case for failure to comply with a court order).  Where a plaintiff has failed to comply with a court's orders, the court may also dismiss an action pursuant to Rule 41(b) *sua sponte*.  *Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005).  The Court has considered the *Ferdik* factors and finds they weigh in favor of a dismissal.  Accordingly, the Court hereby DISMISSES the action without prejudice as against Old Republic Title Co.  Because no named defendants remain, the Court respectfully directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated:   August 3, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

2